UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------X
JOHN MILBAUER,

                                 Plaintiffs,                         15 Civ.

    -against-                                   COMPLAINT

NEW JERSEY TRANSIT RAIL OPERATIONS,
INC.,

                                 Defendant.
-------------------------------------------------------------X

<u>PLAINTIFF DEMANDS TRIAL BY JURY</u>

Plaintiff, by his attorneys, Flynn & Wietzke, PC, complains of the defendant and alleges:

AS AND FOR A FIRST CAUSE OF ACTION AGAINST
DEFENDANT NEW JERSEY TRANSIT RAIL OPERATIONS, INC.,
<u>BY PLAINTIFF JOHN MILBAUER</u>

<u>FIRST</u>:  The plaintiff, John Milbauer, brings this action against the defendant for violations of the Federal Rail Safety Act, 49 U.S.C. Section 20109.

<u>SECOND</u>:  This Court has subject matter jurisdiction in this case pursuant to the Federal Railroad Safety Act, 49 U.S.C. Section 20109(d)(3) (FRSA).

<u>THIRD</u>:  The plaintiff is of Albrightsville, Pennsylvania.

<u>FOURTH</u>:  The defendant is a railroad carrier providing railroad transportation, with a usual place of business in Newark, New Jersey and New York City, New York.

<u>FIFTH</u>:  During all times herein mentioned, the defendant is engaged in interstate commerce by providing railroad transportation between the states of New York and New Jersey.

SIXTH:  At the time of the defendant's FRSA violations, the plaintiff was employed by the defendant as foreman, and qualified as an employee within the meaning of 49 U.S.C. Section 20109.

SEVENTH:  Commencing March 4, 2012 and continuing through March 2014 and to the present, plaintiff was an employee of defendant and reported safety violations of varying types.  Commencing March 4, 2012 and continuing through March 2014 and to present, plaintiff was retaliated against for complaining about safety issues in the Woodbine Yard. Plaintiff was penalized, harassed and intimidated for reporting the incident and began losing time from work as a result of defendant's conduct.

EIGHTH:  As a result of defendant's conduct, the plaintiff suffered various economic harms as well as emotional distress and mental anguish.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT NEW JERSEY TRANSIT RAIL OPERATIONS BY PLAINTIFF JOHN MILBAUER

NINTH:  The plaintiff adopts by reference and realleges each and every allegation set forth in paragraphs FIRST through EIGHTH of this Complaint with the same force and effect as if set forth under this cause of action.

TENTH:  The plaintiff engaged in protected activity under the FRSA when he reported safety conditions.

ELEVENTH:  The defendant had knowledge of all the protected activities referenced above.

TWELFTH:  The defendant took adverse or unfavorable actions against the plaintiff in whole or in part due to his protected activities when it charged plaintiff with company rule violations in connection therewith and denied him promotion opportunities as a result of the

protected activity.  In so doing, the defendant acted with reckless disregard for the law and with complete indifference to the plaintiff's rights under the FRSA.

THIRTEENTH:  On July 24, 2012, December 27, 2012 (verbally) and on September 5, 2014 (in writing), the plaintiff filed FRSA Complaints with the Secretary of Labor's Region 2 OSHA Whistleblower Office. (Exhibit 1).  That was within 180 days from the date the plaintiff became aware of the defendant Railroad's intent to take adverse or unfavorable personnel actions against him.

FOURTEENTH:  The Region 2 OSHA Whistleblower Office commenced its investigation, and the plaintiff fully cooperated with OSHA's investigation.  However, OSHA did not issue a final decision within 210 days after the filing of the FRSA Complaints.  The delay was not due to any bad faith on the part of the plaintiff.

FIFTEENTH:  Pursuant to Section (d)(3) of the FRSA, the plaintiff has a statutory right to bring an original action in a United States district court for a jury trial regarding the Railroad's violations of the FRSA. 49 U.S.C. Section 20109(d)(3).  On April 6, 2015, the plaintiff filed with the US Department of Labor a Notice of Intent to File Original Action. (Exhibit 2)

SIXTEENTH:  Pursuant to FRSA 49 U.S.C. 20109(d)(3), the plaintiff now is bringing this original action at law and equity for de novo review by the United States District Court of the District of New Jersey, which Court has jurisdiction over this FRSA action without regard to the amount in controversy.

WHEREFORE, in order to encourage employees to freely report all injuries and safety concerns without fear of any retaliation, thereby ensuring the Federal Rail Administration has the necessary information to develop and administer an effective rail safety regulatory program that promotes safety in every area of our nation's railroad operations, the plaintiff

demands a Judgment under the FRSA for all relief necessary to make him whole, including but not limited to: expungement of all references to disciplinary action related to the protected activity; lost benefits with interest; lost wages with interest; compensatory damages for medical expenses incurred due to defendant's conduct; compensatory damages for economic losses due to defendant's conduct; compensatory damages for mental anguish and emotional distress due to defendant's conduct; the statutory maximum of punitive damages; and special damages for all litigation costs including expert witness fees and attorney fees.

WHEREFORE, plaintiff demands judgment against the defendant on the First Cause of Action in the sum of FOUR HUNDRED FIFTY THOUSAND ($450,000.00) DOLLARS; plaintiff demands judgment against the defendant on the Second Cause of Action in the sum of FOUR HUNDRED FIFTY THOUSAND ($450,000.00) DOLLARS; together with the costs and disbursements of this action.

> Flynn & Wietzke, PC
> Attorneys for Plaintiff
> 1205 Franklin Avenue
> Garden City, NY 11530
> (516) 877-1234
>
>
> By:_____
>    MARC T. WIETZKE (MW1551)